FILED
CLERK
7/23/2019 12:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DERRICK ROBERTS,

                Petitioner,

      -against-

STATE OF NEW YORK,

                Respondent.
-----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-5455 (JMA)

**AZRACK, United States District Judge:**

      Petitioner Derrick Roberts ("Roberts" or "Petitioner"), proceeding pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. In November 2013, after a jury trial, Roberts was convicted of Criminal Sexual Act in the First Degree. He is presently serving a determinate sentence of eighteen years imprisonment followed by ten years of post-release supervision. Roberts seeks habeas relief on the grounds that: (1) he received ineffective assistance of counsel; (2) the jury rendered an inconsistent and repugnant verdict; and (3) the verdict was against the weight of the evidence.

      For the following reasons, Roberts' petition is DENIED in its entirety.

## I.    BACKGROUND

**A. Factual Background**

      Roberts worked as a maintenance worker at several buildings on Fire Island, including at the Blue Whale Restaurant and the Ciel Hotel. The victim was employed at the Blue Whale Restaurant. (Trial Tr. 10/31/2013, ECF No. 9-11, 22:18–20.) On June 17, 2012, while she was at work, the victim became heavily intoxicated after drinking alcohol on an empty stomach. (Id. 27:18–22.) At her request, two of the victim's co-workers escorted her to their nearby room at the Ciel Hotel. (Id. 28:16–24.) The victim testified that while she was vomiting in the bathroom,

Roberts—who she recognized as a maintenance worker—entered the room and assisted her by bringing her water, wiping vomit from her face, and helping her back into bed. (Id. 31:1–25.) She then watched Roberts leave and fell asleep. (Id. 33:1–2.) The victim testified that she awoke to Roberts performing oral sex on her and then forcefully penetrating her with his penis. (Id. 33:19–25.) She indicated that, at first, she did not realize what was happening. (Id. 33:21–23.) However, when she realized what was happening, she pushed herself off the bed and ran out of the room. (Id. 34:9–11, 25:22–24.) Witnesses testified that they saw the victim come out of the room screaming and crying, saying that she had been raped. (Trial Tr. 10/30/2013, ECF No. 9-10, 220:16–18, 126:7–9.) The police arrested Roberts shortly after the victim reported the incident to the police. (Id. 38:2–7.)

**B. Procedural Background**

On November 13, 2003, a jury convicted Roberts of Criminal Sexual Act in the First Degree (N.Y. Penal Law § 130.50) and acquitted him of Rape in the First Degree (N.Y. Penal Law § 130.35), Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65), and Sexual Misconduct (N.Y. Penal Law § 130.20). On December 18, 2013, the Suffolk County Court (the "County Court") sentenced Roberts to eighteen years imprisonment followed by ten years of post-release supervision.

On direct appeal, Roberts alleged that: (1) the County Court allowed improper bolstering testimony without a timely curative instruction; (2) his conviction was against the weight of the evidence; (3) the verdict was repugnant; (4) the County Court erred in admitting evidence of the victim's "prompt outcry"; and (5) his sentence was harsh and excessive. (See Appellant's Br., ECF No. 9-1.) On December 7, 2016, the Appellate Division, Second Department (the "Appellate Division") affirmed Roberts' conviction. See People v. Roberts, 145 A.D.3d 742 (2d Dep't 2016).

On February 23, 2017, the New York Court of Appeals denied Roberts leave to appeal. See People v. Roberts, 28 N.Y.3d 1188 (2017).

On February 23, 2018, Roberts moved to vacate his judgment of conviction pursuant to N.Y. CPL §§ 440.10 and 440.20 on the ground that his trial counsel provided ineffective assistance. (See Motion to Vacate, ECF No. 9-2.) Roberts argued that his trial counsel was ineffective because he: (1) failed to make a timely objection to the jury's verdict as repugnant; (2) failed to vindicate Roberts' double jeopardy rights by not requesting that the four counts in the indictment be charged to the jury in the alternative; and (3) failed to challenge the constitutionality of Roberts' arrest. (Id. at 5–9.) On August 6, 2018, the County Court denied the motion. (County Court Order, Pet., Ex. 1, at 1.) Roberts did not appeal this decision.

C. **The Instant Petition**

Roberts filed the instant Petition on September 24, 2018, raising three grounds for habeas relief. (Petition, ECF No. 1.) The Petition claims that the verdict was repugnant and against the weight of the evidence were raised on direct appeal. The third ground in the Petition—that Roberts' trial counsel was ineffective—raises three specific objections to his trial counsel's representation. However, only one of these objections—that his trial counsel failed to timely object to the jury's verdict as repugnant—was raised in his § 440 motion filed in the County Court. The other two objections were not raised on direct appeal or in Petitioner's § 440 motion.

II. DISCUSSION

A. **Standards of Review**

1. Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J.,

concurring). Under AEDPA, a district court will "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, a petitioner must satisfy three hurdles: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of AEDPA's deferential review of state court decisions. See 28 U.S.C. § 2254.

### 2. Exhaustion

Generally, a court cannot review a habeas petition unless a petitioner "has exhausted the remedies available" in state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is designed to provide state courts with the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Therefore, a petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). Although a petitioner need not "'cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts of the claim's federal nature.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)).

However, AEDPA recognizes that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This is appropriate where the claim is "plainly meritless" or "patently frivolous." See Williams v. Artus, 691 F. Supp. 2d 515, 526 (S.D.N.Y. 2010) ("If the unexhausted claims are 'plainly meritless,' the district court can dismiss these claims

on the merits.") (citation omitted); Robinson v. Phillips, No. 04-CV-3446, 2009 WL 3459479, at *1 (E.D.N.Y. Oct. 23, 2009) ("If the basis of a claim has not been presented to a state court, AEDPA nonetheless permits a district court to deny a claim on the merits if it is 'patently frivolous.'") (citations omitted).

Additionally, a court may deem unexhausted claims exhausted where the state court to which the petitioner must present those claims would find them procedurally barred. See Jackson, 763 F.3d at 143–44. In those circumstances, the claims are deemed exhausted, but procedurally defaulted. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir.2008) (citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991)); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir.1997). The federal court may then address the merits of the procedurally defaulted claim if a petitioner can overcome the procedural bar in one of the ways described in the next section.

### 3. Procedural Default

A federal court will not review a habeas petition "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman, 501 U.S. at 729). For this reason, under the doctrine of procedural default, a federal court will not review "the merits of claims, including constitutional claims, that a state court declined to hear because the [petitioner] failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012). The procedural bar applies if the state court decided a claim on such procedural grounds, even if the state court addressed the merits of a claim in the alternative. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (observing that "a state court need not fear reaching the merits of a federal claim in an alternative holding" where the court

explicitly invokes a procedural rule as an independent ground for its decision) (emphasis in original).

When a state court has dismissed a claim on such a procedural ground, a petitioner is procedurally barred from raising that claim in a § 2254 petition unless the petitioner demonstrate either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, a petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"; for example, that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials . . . made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal quotation marks and citations omitted). A petitioner may also satisfy the cause requirement by demonstrating that the failure of his attorney to comply with state procedural rules denied him constitutionally adequate representation. See Tavarez v. Larkin, 814 F.3d 644, 650 (2d Cir. 2016), cert. denied, 137 S. Ct. 106 (2016); see also Restrepa v. Kelly, 178 F.3d 634, 640 (2d Cir. 1999). A petitioner, however, generally cannot invoke this ground unless he first asserted an equivalent independent Sixth Amendment ineffective assistance claim in state court and exhausted his state-court remedies with respect to that claim. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000). As for the prejudice requirement, a petitioner must demonstrate that counsel's errors (or any other basis invoked by the petitioner to establish cause) not only "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . ." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

Even if a petitioner cannot establish cause and prejudice, a federal court may also excuse a petitioner's procedural default if he can show that a fundamental miscarriage of justice would

result; in other words, "that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995)). To prevail, a petitioner must put forth "new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

### 4. AEDPA Standard of Review

If a state court reached the merits of a claim, a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the claim either:

> [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000). A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13 (O'Connor, J., concurring). A decision involves "an unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. This standard does not require that all reasonable jurists agree that the state court was wrong. Id. at 409–10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all

7

reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Jones v. Murphy, 694 F.3d 225, 234 (2d Cir. 2012) (quoting Hardy v. Cross, 565 U.S. 65, 66 (2011) (per curiam)). This standard is "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (quoting Metrish v. Lancaster, 569 U.S. 351, 357–58 (2013)), reh'g denied, 573 U.S. 927 (2014). A petitioner must show that the "state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 419–420.

Furthermore, a state court's determinations of factual issues are "presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006). A state court's finding of fact will be upheld "unless objectively unreasonable in light of the evidence presented in the state court proceeding." Lynn, 443 F.3d at 246–47 (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). Thus, a federal court may overrule a state court's judgment only if "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

### 5. Pro Se Status

Roberts "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). But, in light of his pro se status, the Court will construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224

8

(2d Cir. 2014) (per curiam) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, Roberts is not excused from "compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (internal quotation marks omitted)).

**B. Claims for Relief**

Roberts raises three grounds for habeas relief in his Petition: (1) ineffective assistance of trial counsel; (2) that the jury returned an inconsistent and repugnant verdict; and (3) that the verdict is against the weight of the evidence. (Pet., at 6–8.)

Respondent contends that Roberts' ineffective assistance of counsel claim is unexhausted and procedurally defaulted and, in any event, meritless. (Resp't Mem., ECF. No. 7, at 9.) Respondent also argues that the other two grounds in the Petition—that the jury rendered a repugnant verdict and that the verdict was against the weight of the evidence—do not raise cognizable claims for habeas review. (Id. at 18, 22.)

**1. Ground 1 – Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance of counsel when his trial counsel failed to: (1) "call credible witnesses to testify on [his] behalf despite having sworn statements made to investigators by said witnesses"; (2) "raise [a] timely objection to the repugnancy of the verdict preventing it from being preserved for appellate review"; and (3) "preserve the claim that the evidence presented was legally insufficient to support the conviction." (Pet., at 6.)

*i.    Exhaustion and Procedural Default*

Petitioner raised the second factual basis supporting his ineffective assistance of counsel claim in his § 440 motion, which the County Court denied on August 6, 2018. (See County Court Order, at 1.) Petitioner, however, did not appeal the County Court's denial of the § 440 motion

9

and the time to do so has expired. See CPL § 460.10(4)(a) (providing 30 days to seek leave to appeal). Thus, this claim has not been fully exhausted. In any event, as explained infra, this claim is plainly meritless.

Petitioner did not raise the first and third factual bases on direct appeal or on collateral review. Respondent contends that these claims are procedurally barred because they are record-based claims and, as such, they should have been raised in support of an ineffective assistance of trial counsel claim on direct appeal. (See Resp't Mem., at 10–11 (citing CPL § 440.10(2)(c).)

Petitioner's contention that trial counsel was ineffective for failing to call credible witnesses to testify on his behalf does not appear to be a record-based claim, but this claim is, as explained below, plainly meritless.

Petitioner's contention that trial counsel was ineffective for failing to preserve the claim that the evidence at trial was legally insufficient to support the conviction is a record-based claim and is, thus, procedurally barred. See Gonzales v. Artus, No. 14-CV-6089, 2015 WL 554925, at *6 (W.D.N.Y. Feb. 11, 2015). Petitioner asserts that he did not raise an ineffective assistance of trial counsel claim on direct appeal because his appellate counsel "informed [him] that it would be a conflict of interest as both she and trial counsel were appointed by [the] court." (Pet., at 6.) This allegation, however, cannot overcome the procedural bar because Petitioner did not exhaust an ineffective assistance of appellate counsel claim. In any event, Petitioner's contention that his trial counsel was ineffective for failing to preserve the claim that the evidence at trial was insufficient to support the conviction is plainly meritless.

Each of the three factual bases for Petitioner's ineffective assistance of counsel claim will be addressed on the merits in turn.

### ii. Standard for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his trial counsel's performance was so inadequate that his Sixth Amendment right to counsel was violated. See Strickland v. Washington, 466 U.S. 668, 689–90 (1984). Therefore, a petitioner must "(1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 688, 693). First, it must be demonstrated that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" Wilson v. Mazzuca, 570 F.3d 490, 502 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 687). Next, a petitioner must show that he was prejudiced by said deficient performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Rosario v. Ercole, 601 F.3d 118, 123 (2d Cir. 2010) (internal quotation marks and citation omitted).

Under AEDPA, federal courts must grant state courts substantial "deference and latitude" when considering claims for ineffective assistance of counsel already rejected at the state court level. Harrington v. Richter, 562 U.S. 86, 101 (2011).

### iii. Trial Counsel's Failure to Call Credible Witnesses

Petitioner's claim that his trial counsel was ineffective for failing to call allegedly credible witnesses to testify on his behalf is meritless. In his Petition, Petitioner fails to specify what witnesses trial counsel should have called, the nature of their alleged testimony, and any other

11

details about these purported "credible witnesses." This lack of specificity alone is enough to deny Petitioner's claim as meritless.

Additionally, it is well settled that actions or omissions by counsel that "'might be considered sound trial strategy'" do not constitute ineffective assistance. Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The decision of Petitioner's trial counsel to forgo calling certain witnesses (if such witnesses even existed) falls into this category. See U.S. v. Best, 219 F.3d 192, 201–02 (2d Cir. 2000) ("[C]ounsel's decision as to whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation.") (internal quotation marks and citation omitted); see also United States v. Smith, 198 F.3d 377, 386 (2d Cir. 1999) ("The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial.") (internal quotation marks and citation omitted). Accordingly, Petitioner's claim that trial counsel was ineffective for failing to call credible witnesses to testify on his behalf is plainly meritless and does not provide a ground for habeas relief.

### iv. Trial Counsel's Failure to Object to the Repugnancy of the Verdict

Petitioner's claim that his trial counsel was ineffective for failing to object to the verdict as repugnant is also without merit.

Petitioner contends that the verdict was repugnant as a result of the jury finding him "guilty of Criminal Sexual Act [in the] First Degree while acquitting [him] on Sexual Abuse [in the] First Degree" because "Sexual Abuse is a lesser included offense of Criminal Sexual Act." (See Pet., at 7.) The New York Court of Appeals has explained that "[a] verdict is inconsistent or repugnant . . . where the defendant is convicted of an offense containing an essential element that

the jury has found the defendant did not commit." People v. Trappier, 87 N.Y.2d 55, 58, 637 N.Y.S.2d 352, 354 (1995). "In order to determine whether the jury reached 'an inherently self-contradictory verdict' a court must examine the essential elements of each count as charged." Id.

Contrary to Petitioner's assertion, the verdict was not repugnant under New York law.[1] The jury convicted Petitioner of Criminal Sexual Act in the First Degree, but acquitted him of, inter alia, Sexual Abuse in the First Degree. Criminal Sexual Act in the First Degree requires that a defendant perform: (1) oral or anal sexual conduct; (2) with another person; (3) who is incapable of consent by reason of being physically helpless. N.Y. Penal Law § 130.50(2). Sexual Abuse in the First Degree, however, requires that a defendant: (1) subject another person to sexual contact; (2) when the other person is incapable of consent by reason of being physically helpless. N.Y. Penal Law § 130.65(2) (emphasis added). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party." N.Y. Penal Code § 130.00(3) (emphasis added). Acquittal of the latter crime does not negate an essential element of the former crime. Sexual Abuse in the First Degree requires an element that is not an element of Criminal Sexual Act in the First Degree; specifically, the sexual contact must be "for the purpose of gratifying sexual desire" of either the victim or defendant. In other words, a defendant can be found guilty of Criminal Sexual Act in the First Degree, while acquitted of Sexual Abuse in the First Degree, if it is not proven that the sexual contact was not "for the purpose of gratifying sexual desire of either party" beyond a reasonable doubt. See People v. Porter, 82 A.D.3d 1412 (3d Dep't 2011) ("[T]here is no dispute that [the] County Court erroneously charged the jury that sexual abuse in the first degree is a lesser included offense of criminal sexual act in

---

[1] Even under de novo review, Petitioner's claim that his trial counsel was ineffective for failing to object to the verdict as repugnant is plainly meritless. Moreover, AEDPA deference is likely appropriate with respect to the prejudice prong because the Appellate Division on direct appeal addressed the merits of Petitioner's claim that the verdict was repugnant.

13

the first degree."). Thus, the jury's decision to convict Petitioner of Criminal Sexual Act in the First Degree and acquit him on Sexual Abuse in the First Degree did not constitute an inconsistent or repugnant verdict under New York law.

Because the verdict was not inconsistent or repugnant, trial counsel's failure to object on that basis does not constitute a ground for habeas relief. See Mitchell v. Artus, No. 07-CV-4688, 2008 WL 2262606, at *36 (S.D.N.Y. June 2, 2008) ("Since the verdicts were not repugnant, the failure of trial counsel to raise a repugnant verdict objection at trial did not prejudice [Petitioner], and under Strickland, [Petitioner's] trial counsel was not ineffective.").

### v. *Trial Counsel's Failure to Preserve the Claim that the Evidence was Insufficient to Support the Conviction*

Petitioner's claim that trial counsel was ineffective for failing "to preserve the claim that the evidence presented was legally insufficient to support the conviction" is also meritless. (Pet., at 6.) As such, trial counsel's failure to object on this basis does not provide a ground for habeas relief.

A petitioner challenging the sufficiency of the evidence must overcome a "very heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). The Court must view "the evidence in the light most favorable to the prosecution" and may only grant habeas relief if a petitioner has shown that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). In making this determination, a reviewing court may not "make its own subjective determination of guilt or innocence." Herrera v. Collins, 506 U.S. 390, 402 (1993) (quoting Jackson, 443 U.S. at 320 n.13). Rather, the reviewing court must defer to the jury in making "assessments of the weight of the evidence or the credibility of witnesses" and construe "all possible inferences that may be

drawn from the evidence" in the prosecution's favor. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

Here, viewing the evidence in the light most favorable to the prosecution, the jury's verdict convicting Petitioner of Criminal Sexual Assault in the First Degree was supported by sufficient evidence. At trial, evidence was introduced indicating that the victim was subjected to oral sexual conduct. The victim testified that when she regained consciousness in the hotel room, she observed Petitioner performing oral sex on her. (Trial Tr. 10/31/2013, 33:19–23.) DNA analysis also indicated that "Petitioner could not be excluded as a predominant contributor to the vaginal swab's DNA extract." (Trial Tr. 11/6/2013, ECF No. 9-14, 25:17–21, 30:1–3.)

Evidence was also introduced at trial indicating that the victim was incapable of consent by reason of being physically helpless. The victim testified that she had been drinking on an empty stomach and, because of the amount of alcohol she was consuming, there were details and moments of time that she could not remember. (Trial Tr. 10/31/2013, 28:12–15, 98:2–3.) Other witnesses testified to the victim's intoxication and the fact that she eventually passed out in the hotel room where the incident occurred. (Trial Tr. 10/30/2013, 9:15–19, 10:4–6, 48:19–23, 49:1–17, 88:18–23, 89:12–14, 114:9–15, 115:18–25); (Trial Tr. 11/6/2016, ECF No. 9-14, 80:10–12, 85:10–15.) One witness, for example, testified that when she entered the hotel room with Petitioner, she observed the victim "hunched over the toilet passed out." (Trial Tr. 11/6/2016, 86:24–25, 103:14–15, 104:1–11.)

Having heard all of this evidence, a rational trier of fact could conclude that Petitioner was guilty beyond a reasonable doubt of Criminal Sexual Act in the First Degree. Accordingly, trial counsel's failure to object to the sufficiency of the evidence did not render him ineffective and does not constitute a ground for habeas relief. For these reasons, this claim is plainly meritless.

## 2. Ground 2 – The Jury Returned a Repugnant and Inconsistent Verdict

Petitioner's second ground for habeas relief—that the verdict was inconsistent and repugnant—is procedurally defaulted and not a basis for habeas review.

### *i.* *Procedural Default*

On direct appeal, the Appellate Division held that Petitioner's "contention that the verdict was repugnant is unpreserved for appellate review and, in any event, without merit." Roberts, 145 A.D.3d at 743 (internal citations omitted). Specifically, the Appellate Division found Petitioner's inconsistent verdict claim unpreserved for appellate review because his trial counsel did not object on that basis before the jury was discharged. Under New York law, a defendant must challenge an alleged inconsistent verdict before the jury is discharged in order to preserve that issue for appeal. See e.g., People v. Granston, 688 N.Y.S.2d 173, 173 (2d Dep't 1999) ("The defendant's contention that the jury verdict was repugnant is unpreserved for appellate review since he did not make this claim before the jury was discharged."). Thus, the Appellate Division's decision rests on adequate and independent state law grounds, barring federal habeas review. To overcome this procedural bar, Petitioner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Construing the Petition liberally, Petitioner's sole attempt to overcome this procedural bar is that his trial counsel was ineffective for objecting to the verdict as repugnant. As previously noted, however, trial counsel was not ineffective for failing to object to the verdict as repugnant and, thus, Petitioner cannot

overcome the procedural bar. See supra Section (II)(B)(1)(iv). In any event, a challenge to a verdict as repugnant and inconsistent is not a cognizable ground for habeas relief.

### ii. *Cognizable Ground for Habeas Relief*

It is well established that a challenge to a jury verdict as inconsistent is not a ground for habeas relief. See e.g., Dowling v. United States, 493 U.S. 342, 353–54 (stating that "inconsistent verdicts are constitutionally tolerable"); United States v. Powell, 469 U.S. 57, 58, 64–65 (1984) (holding that "consistency in the verdict is not necessary" and noting that inconsistent verdicts are often the product of "mistake, compromise, or lenity"); Harris v. Rivera, 454 U.S. 339, 345 (1981) ("Inconsistency in a verdict is not a sufficient reason for setting it aside."); United States v. Acosta, 17 F.3d 538, 545 (2d Cir. 1994) ("[I]t has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty."). "[A]n individualized assessment of the reason for the inconsistency" is prohibited, Powell, 469 U.S. at 66, for any such inquiry "would be based either on pure speculation, or would require inquiries in the jury's deliberations that courts generally will not undertake." Id. According to the Supreme Court, a criminal defendant "already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts" and therefore "further safeguards against jury irrationality" are not "necessary." Id. at 67. Thus, Petitioner's claim that the jury's verdict was repugnant and inconsistent—if not procedurally barred—does not provide a basis for habeas relief. See Williams v. Artuz, No. 98-CV-7964, 2002 WL 989529 at *8 (S.D.N.Y. May 15, 2002) ("A claim of inconsistent or repugnant verdicts presents no issue upon which federal habeas corpus relief could

17

be granted.") (citing Harris, 454 U.S. at 346). For these reasons, this contention does not provide a ground for habeas relief.

### 3. Ground 3 – The Verdict is Against the Weight of the Evidence

The third ground for habeas relief is that the jury verdict was against the weight of the evidence because the "[e]vidence in this case did not satisfy the demanding constitutional standard as a matter of law[] [because] the evidence at trial showed [Petitioner] did not have a sexual encounter with complainant as alleged and [t]he evidence does not support complainant's claim to being attacked while physically helpless." (Pet., at 9.) The Appellate Division found this claim to be meritless. See Roberts, 145 A.D.3d at 743. A claim that the jury's verdict is against the weight of the evidence raises an issue solely of state law and is thus not cognizable on federal habeas corpus review. See McKinnon v. Superintendent, Great Meadow Corr. Facility, 422 F. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."); see also Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) ("A weight of the evidence argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles . . . Accordingly, the Court is precluded from considering the claim.") (internal quotation marks and citation omitted). Even if this claim could be liberally construed as a challenge to the sufficiency of the evidence, it would be meritless for the same reasons discussed in section (II)(B)(1)(v), supra. Thus, there is no indication that the Appellate Division's rejection of this claim was contrary to, or an unreasonable

application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, this ground for relief is denied.

### III. CONCLUSION

For reasons stated above, the Petition is DENIED in its entirety. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Petitioner and to close the case.

**SO ORDERED.**

Dated: July 23, 2019
Central Islip, New York

                                                /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE